# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GALLENTINE/MCCOLLOUGH, Minors.

UNPUBLISHED
March 5, 2015

No. 322463
Livingston Circuit Court
Family Division
LC No. 2012-014136-NA

Before: SAAD, P.J., and OWENS and K. F. KELLY, JJ.

PER CURIAM.

Respondent appeals the trial court's order that terminated her parental rights to the minor children. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This is the second time this case has come before our Court. In the earlier appeal, our Court affirmed the trial court's evidentiary findings under MCL 712A.19b(3)(c)(*i*), (g), and (j), because respondent continued to allow her violent boyfriend,[1] who had physically abused her infant daughter, access to her baby and her other daughter.[2] Respondent "only marginally" benefited from services, and "credible evidence" suggested that respondent continued to have contact with the abusive boyfriend, despite the fact that: (1) she had a personal protection order against him; and (2) he pled guilty to third-degree child abuse for the above-mentioned abuse of her baby.[3] However, the trial court's termination order did not specifically address "the fact that the children were living with their maternal grandmother," as it was required to do under *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). Accordingly, our Court affirmed the trial court's findings on the existence of statutory grounds for termination, vacated the termination order, and remanded the case only for further consideration on the best interests of the children.[4]

---

[1] The violent boyfriend is the father of the infant he abused.

[2] *In re McCollough/Gallentine*, unpublished opinion per curiam of the Court of Appeals, issued May 22, 2014 (Docket No. 318140) (*McCollough/Gallentine I*), p 1.

[3] *Id*.

[4] *Id*. at *4-5.

In June 2014, the trial court held a remand hearing to determine whether termination of respondent's parental rights was in the children's best interests. It adopted and incorporated its previous findings of fact, and specifically noted that the children lived with a relative. It also observed that respondent: (1) continually put the children at risk of harm by placing them in contact with the abusive boyfriend; (2) failed to maintain suitable housing and employment; (3) did not take her parenting classes seriously; and (4) demonstrated an inability to provide permanency and stability for the children. As such, the trial court held that it was in the best interests of the children to terminate respondent's parental rights.

On appeal, respondent argues that the trial court did not follow our Court's instructions, and did not properly analyze the children's best interests.

## II. STANDARD OF REVIEW

We review the trial court's finding that termination was in the best interests of a child for clear error. See *In re Trejo*, 462 Mich 341, 364; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

## III. ANALYSIS

> To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-14; 846 NW2d 61 (2014) (internal quotation marks and citations omitted).]

As noted by the panel that heard this case in the earlier appeal, when it makes a best interests determination, a trial court is required to explicitly consider a child's placement with a relative. *McCollough/Gallentine I*, unpub op at *4; *Mason*, 486 Mich at 164. Accordingly, the trial court was required to expressly consider the children's placement with their maternal grandmother in determining whether termination was in their best interests. *McCollough/Gallentine I*, unpub op at *4.

Here, the trial court did exactly as our Court instructed. On two occasions, it explicitly mentioned it weighed the children's placement with their maternal grandmother as a factor it considered when it determined whether termination of respondent's parental rights was in the children's best interests. The trial court also properly considered the evidence that respondent endangered her children by allowing her abusive boyfriend to be in their presence. Respondent's own testimony indicated that she could not maintain suitable housing and employment. Moreover, a DHS worker testified that respondent did not benefit from state-provided services, was mentally unstable, and lacked basic parenting skills.

As the trial court correctly observed, most of these factors weigh in favor of termination, because they indicate respondent lacks an ability to parent, and is unable to provide her children with permanency or stability. *In re White*, 303 Mich App at 713. Accordingly, the trial court properly found that termination of respondent's parental rights was in the best interests of the children.

Affirmed.

/s/ Henry William Saad
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly